IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI LAND AND PINEAPPLE CO., INC., | ) CIVIL NO. 16-00271 DKW-RLP<br>)<br>) FINDINGS AND RECOMMENDATION TO |
| Plaintiff, | ) DENY PLAINTIFF'S MOTION TO<br>) REMAND |
| vs. | )<br>) |
| LIBERTY INSURANCE UNDERWRITERS INC., ET AL., | )<br>)<br>) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO
DENY PLAINTIFF'S MOTION TO REMAND[1]

Before the Court is Plaintiff Maui Land and Pineapple Co. Inc.'s ("MLP") Motion to Remand, filed June 29, 2016 ("Motion"). ECF No. 10. MLP requests that the Court abstain from exercising its jurisdiction over this declaratory action and remand this action to the Circuit Court of the Second Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1447(c). Id. Defendant Liberty Insurance Underwriters Inc. ("Liberty") filed its Opposition to the Motion on July 15, 2016, asserting that this case was properly removed pursuant to the Declaratory Judgment Act. ECF No. 16. MLP filed its Reply on July 29, 2016. ECF No.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

17. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 12. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the district court DENY MLP's Motion to Remand.

BACKGROUND

In this action, MLP seeks a determination regarding Liberty's obligation to provide insurance coverage related to a lawsuit against MLP and its president and chief operating officer, Ryan Churchill, filed in the Circuit Court of the Second Circuit, State of Hawaii, entitled <u>Narayan et al. v. Marriott International. Inc. et al.</u>, Civil No. 12-1-0586(3) (the "Underlying Action"). The plaintiffs in the Underlying Action are condominium owners at The Residences at Kapalua Bay in Maui (the "Project"). ECF No. 10-1 at 8. MLP and Mr. Churchill are among the named defendants in the Underlying Action. <u>Id.</u> Liberty is not named in the Underlying Action. In the Underlying Action, the plaintiffs allege that MLP and other corporate defendants were involved in the development of the Project. <u>Id.</u> Mr. Churchill also served on the board of the Project's Association of Apartment Owners ("AOAO"). <u>Id.</u> The plaintiffs allege that the defendants, including MLP and Mr. Churchill, breached their fiduciary duties by misrepresenting material facts

regarding the solvency of the Project and the defendants' commitment to the Project in order to sell condominium units. Id.  In the Underlying Action, the plaintiffs assert three claims against MLP, Mr. Churchill, and all other defendants:  breach of fiduciary duty; access to books and records of the AOAO; and injunctive/declaratory relief.  ECF No. 10-3, Narayah v. Marriott International, Inc., et al, Second Amended Complaint, at 32-34.  The plaintiffs also assert the following six claims against MLP and the other developer defendants:  unfair and deceptive acts and practices; intentional misrepresentation and/or concealment; negligent misrepresentation and/or concealment; violations of Hawaii's Condominium Property Act; unjust enrichment; and civil conspiracy.  Id. at 35-39.

MLP notified Liberty of the Underlying Action in 2012. ECF No. 16 at 11.  Liberty denied indemnity coverage for MLP on the basis that the Underlying Action does not constitute a securities action or a shareholder derivative suit as required under the policy at issue.  Id.  Liberty also denied indemnity and defense coverage for Mr. Churchill on the basis that the claims against Mr. Churchill in the Underlying Action are asserted against him in his capacity as a director of the Project's AOAO and not as an officer of MLP.  Id.

MLP initiated this coverage action in the Circuit Court of the Second Circuit, State of Hawaii, on May 6, 2016.  ECF No.

3

1-1. Liberty filed its notice of removal on May 31, 2016, which removed this action to this Court. ECF No. 1.

## DISCUSSION

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). As an initial matter, the Court notes that it has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1332. See ECF No. 1 ¶¶ 3-4 (stating that Plaintiff is a resident of Hawaii and Defendant is a resident of New York). "Subject matter jurisdiction is a necessary predicate to the issuance of a declaratory judgment," so the question of whether to exercise discretionary jurisdiction only arises if subject matter jurisdiction can be established. United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1107 (9th Cir. 2001) (citing American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999)); Krieger, 181 F.3d at 1118 (noting that diversity of citizenship was the independent basis for jurisdiction in the district court). Because subject matter jurisdiction exists, the Court may evaluate the discretionary jurisdiction issue presented in this Motion.

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). District courts have discretion in whether to exercise jurisdiction under the Declaratory Judgment Act. See Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494–95 (1942). In the Ninth Circuit, courts apply the discretionary standards articulated by the Supreme Court in Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942) and by the Ninth Circuit in Government Employees Insurance Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) (en banc). The factors to be considered in exercising discretion under the Declaratory Judgment Act are: (A) avoiding a needless determination of state law issues; (B) discouraging litigants from filing declaratory actions as a means of forum shopping; and (C) avoiding duplicative litigation. See Dizol, 133 F.3d at 1225 (footnote and citations omitted). The court may also weigh "other considerations," such as whether the declaratory action will settle all aspects of the case, clarify the legal relationships at issue, entangle the federal and state court systems, or whether the action has been filed for advantageous procedural purposes. Id. at 1225 n.5 (quoting Am. States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994)

(Garth, J., concurring)). "In addition, the district court might also consider the convenience of the parties and the availability and relative convenience of other remedies." Id.  As discussed below, the Court finds that the above factors weigh in favor of retaining jurisdiction.

**A. Jurisdiction is Not Mandatory**

Before the Court considers the Brillhart factors, the Court must determine whether this action includes claims independent of the declaratory relief sought, which would render the exercise of jurisdiction mandatory. See Dizol, 133 F.3d at 1225 ("when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.").

Here, Liberty argues that MLP appears to assert a claim for breach of contract and a claim for bad faith. ECF No. 16 at 22-25. First, Liberty argues that MLP's request in its Complaint for an order for Liberty to pay the benefits owed is actually a disguised claim for an award of damages for breach of contract. Id. at 22.  MLP's Complaint requests an order that Liberty "pay benefits owed . . . under the Liberty Policy." ECF No. 1-1 at 5. As the district court stated in rejecting a similar argument in Choy v. Continental Casualty Company, "the very wording of the

6

request for 'benefits owed under the [insurance] Policies' makes clear that it is entirely dependent on the court's determination that [plaintiff] is entitled to coverage by [defendant]." Civil No. 15-00281 SOM/KSC, 2015 WL 7588233, at *4 (D. Haw. Nov. 25, 2015).  Accordingly, the Court finds that there is no independent claim for breach of contract.  Second, Liberty argues that MLP's current Motion presents a claim for bad faith, but invites MLP to "render this particular issue moot by stating that it has not brought" a claim for bad faith.  See ECF No. 16 at 23-24.  In Reply, MLP states expressly that it "is not pursuing a claim of bad faith at this time."  ECF No. 17 at 15.  The Court finds that there are no independent bases for jurisdiction, the instant action is declaratory, and jurisdiction remains discretionary. Accordingly, the Court will consider the <u>Brillhart</u> factors.

### A. Needless Determination of State Law Issues

"A needless determination of state law may involve an ongoing parallel state proceeding regarding the precise state law issue, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." <u>Keown v. Tudor Ins. Co.</u>, 621 F.Supp. 2d 1025, 1031-32 (D. Haw. 2008) (citing <u>Continental Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371–72 (9th Cir. 1991), *overruled in part on other grounds by* <u>Dizol</u>, 133 F.3d at 1225).  However, the Court notes that "there is no presumption in favor of

abstention in declaratory actions generally, nor in insurance coverage cases specifically." Dizol, 133 F.3d at 1225 ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (quoting Aetna Cas. & Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992)).

In considering this factor, the Court should focus on unsettled state law issues rather than case-specific factual issues. See Allstate Ins. Co. v. Davis, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (citing Nat'l Chiropractic Mutual Ins. Co. v. Doe, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998); Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by* Dizol, 133 F.3d at 1227)). "When state law is unclear, absent a strong countervailing federal interest, the federal court should not elbow its way to render what may be an 'uncertain' and 'ephemeral' interpretation of state law." Id. (internal citations omitted).

Here, the legal issues in this declaratory action involve the interpretation of the policy issued by Liberty, and hence the interpretation of Hawaii insurance law. "This Court has, on numerous occasions, interpreted insurance policies pursuant to state law to determine the scope of an insurer's duties to an insured." State Farm Fire & Cas. Co. v. Jenkins,

8

Cv. No. 0800220 ACK-LEK, 2009 WL 529083, at *5 (D. Haw. Mar. 3, 2009) (citing Allstate, 430 F. Supp. 2d 1120).  Although this case involves the duty to advance defense costs, see ECF No. 10-1 at 19, there does not appear to be any disagreement between the parties regarding the scope of that duty or how it is to be applied in this case.  Specifically, MLP asserted in its correspondence with Liberty that the duty to advance defense costs is the same as the duty to defend.  See ECF No. 10-11 at 4.  Similarly, in its Opposition, Liberty also argues that the duty to advance costs is determined in the same manner that the Hawaii courts determine the duty to defend.  See ECF No. 16 at 13 (citing Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co., 872 P.2d 230 (Haw. 1994), which states that because the insurer's duty to defend is contractual in nature, the court must look to the language of the policy to determine the scope of the duty).  Based on the arguments presented in the Motion and Opposition, it does not appear that the resolution of this declaratory action will require this court to address any unsettled state law issues.  The Court therefore concludes that this factor weighs in favor of exercising jurisdiction.

**B.  Forum Shopping**

The second Brillhart factor is neutral.  Removal of this action to federal court does not constitute forum shopping because there is statutory authority to support the removal based

9

on diversity jurisdiction. First State Ins. Co. v. Callan, 113 F.3d 161, 162 (9th Cir. 1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III."). Accordingly, the Court finds that this factor is neutral and does not weigh in favor of accepting or declining jurisdiction.

### C. Duplicative Litigation

The third Brillhart factor to consider is whether declining to exercise jurisdiction will avoid duplicative litigation. Dizol, 133 F.3d at 1225. "[D]uplicative litigation may be a concern if this Court's determination regarding [an insurer's] duties hinges on a finding that will also be addressed in the state court." Allstate, 430 F. Supp. 2d at 1121. "With respect to declaratory actions concerning insurance coverage, questions involving the duty to indemnify generally raise more concern of duplicative litigation than do questions involving the duty to defend." Choy, 2015 WL 7588233, at *7 (citing Bituminous Cas. Corp. v. Kerr Contractors, Inc., No. CV 10-78-MO, 2010 WL 2572772, at *5 (D. Or. June 22, 2010) (in turn citing Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 890 (9th Cir. 2003)). "This is because, although the duty to defend is determined by looking to the allegations in the complaint, the duty to indemnify hinges on factual determinations that are

separate from the allegations in the complaint." Id.

Here, there is no risk of duplicative litigation related to Liberty's duty to advance defense costs because under Hawaii law, the duty to defend is determined by examining the underlying complaint and the policy language. See Dairy Road Partners v. Island Ins. Co., Ltd., 992 P.2d 93, 108 (Haw. 2000) (holding that the duty to defend "is purely contractual and depends, in the first instance, on the language of the particular policy involved"); AIG Hawaii Ins. Co. v. Smith, 891 P.2d 261, 265 (Haw. 1995) ("The well established general rule is that the allegations in the complaint in the underlying action determine an insurer's duty to defend its insured."). Because Liberty's duty to advance defense costs can be determined by examining the complaint in the Underlying Action and the relevant policy language, there is no risk of duplicative litigation on this issue.

Determining Liberty's duty to indemnify requires a fact-specific analysis. See Allstate, 430 F. Supp. 2d at 1122. It appears that Liberty's duty to indemnify Mr. Churchill turns on whether Mr. Churchill's alleged liability is based on his conduct as a board member of the AOAO or his conduct as the president of MLP, or both. See ECF No. 10-3, Narayah v. Marriott International, Inc., et al, Second Amended Complaint, ¶ 26(d) (alleging that MLP "was Mr. Churchill's sole source of

compensation for all of, the above position/roles.  Mr. Churchill acted with actual and apparent authority on behalf of [MLP and others] in his communications with Plaintiffs, the AOAO Board and others").  Addressing Mr. Churchill's capacity may require the Court to determine facts that are at issue in the Underlying Action.  However, any risk of duplicative litigation can be easily avoided by deferring decision on indemnity until after the factual issues regarding Mr. Churchill's capacity is resolved in the Underlying Action.  Accordingly, the Court finds that this factor also weighs in favor of retaining jurisdiction.

### D.  Other Factors

MLP argues that consideration of additional factors weighs against this Court retaining jurisdiction.  ECF No. 10-1 at 22-26.  Specifically, MLP contends that retaining jurisdiction would unnecessarily entangle the federal and state courts, would not settle all aspects of the case, and would encourage procedural gamesmanship to obtain res judicata advantage.  Id.  As noted above, although the facts are not yet resolved in the Underlying Action, this court can avoid unnecessary entanglement by deferring decision on indemnity issues.  Accordingly, the Court finds that this factor does not weigh in favor of declining jurisdiction.  The Court finds that the remaining factors are neutral.

Based on consideration of the factors detailed above,

the Court finds that retaining jurisdiction is appropriate in this case.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court DENY Plaintiff Maui Land and Pineapple Co. Inc.'s Motion to Remand.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 17, 2016.



Richard L. Puglisi
United States Magistrate Judge

**MAUI LAND AND PINEAPPLE CO., INC. V. LIBERTY INSURANCE UNDERWRITERS INC., ET AL.; CIVIL NO. 16-00271 DKW-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND**