IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MAUI LAND AND PINEAPPLE CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY INSURANCE UNDERWRITERS INC., et al., <br><br> Defendants. | CIVIL NO. 16-00271 DKW-RLP <br><br> **ORDER ADOPTING AUGUST 17, 2016 FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND** |

**ORDER ADOPTING AUGUST 17, 2016 FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND**

Maui Land and Pineapple Co., Inc. ("MLP") filed this action in Hawaii state court against its insurer, Liberty Insurance Underwriters Inc. ("Liberty"), seeking a declaration that Liberty is obligated to pay for MLP's defense costs and/or indemnify MLP in a separate Hawaii state action that names MLP and MLP President Ryan Churchill as defendants. Liberty removed the action to this Court, and MLP now seeks remand.

On August 17, 2016, United States Magistrate Judge Richard L. Puglisi entered his Findings and Recommendation to Deny Plaintiff's Motion for Remand ("F&R"), finding that the Court should retain jurisdiction after balancing the

factors set forth by the United States Supreme Court in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and by the Ninth Circuit in *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (en banc). After unsuccessfully moving for reconsideration, MLP filed its objections to the F&R, arguing that the first and third *Brillhart* factors command returning jurisdiction to the state. Based on the following, the Court ADOPTS the August 17, 2016 F&R and DENIES MLP's Motion to Remand.

## BACKGROUND

This case arises out of a lawsuit initiated in the Circuit Court of the Second Circuit, State of Hawaii, *Narayan, et al. v. Marriott International Inc., et al.*, Civil No. 12-1-0586(3) (the "Underlying Lawsuit"). The plaintiffs in the Underlying Lawsuit ("Underlying Plaintiffs") are condominium owners at The Residences at Kapalua Bay in Maui (the "Project"). *See* Dkt. No. 10-3 (Second Amended Complaint ("SAC") in the Underlying Lawsuit). The Underlying Plaintiffs brought claims against MLP and other defendants allegedly involved in the development of the Project.[1] *Id.* Ryan Churchill, one of the named defendants, served as president of MLP and on the board of the Project's Association of Apartment Owners ("AOAO"). *Id.* The Underlying Plaintiffs assert claims for breach of fiduciary duty; "access to books and records" of the AOAO; and

---

[1] Liberty is not named in the Underlying Lawsuit.

injunctive/declaratory relief against MLP, Mr. Churchill, and all other defendants. *Id.* at 32-34 (SAC ¶¶ 96-103). In addition, the Underlying Plaintiffs assert the following claims against MLP and the other developer defendants: unfair and deceptive acts and practices; intentional misrepresentation and/or concealment; negligent misrepresentation and/or concealment; violations of Hawaii's Condominium Property Act; unjust enrichment; and civil conspiracy. *Id.* at 35-39 (SAC ¶¶ 104-133).

In 2012, MLP tendered the Underlying Lawsuit to Liberty. However, Liberty denied indemnity coverage for MLP on the basis that the Underlying Lawsuit does not constitute a securities action or a shareholder derivative suit, as required under the policy at issue.[2] Liberty also denied indemnity and defense coverage for Mr. Churchill on the basis that the claims against Mr. Churchill are asserted against him in his capacity as director of the Project's AOAO, and not as an officer of MLP. *See* Dkt. No. 10-1 at 9-12; Dkt. No. 16 at 11-12.

On May 6, 2016, MLP initiated this coverage action in the Circuit Court of the Second Circuit, State of Hawaii. *See* Dkt. No. 1-1 at 2. Liberty filed its notice of removal on May 31, 2016, bringing the action to this Court. Dkt. No. 1. Thereafter, MLP sought remand (Dkt. No. 10), which the Magistrate Judge

---

[2]The relevant policy was issued by Liberty to MLP for the period September 1, 2011 to September 1, 2012. *See* Dkt. No. 10-3.

recommended denying. Dkt. No. 18. The Magistrate Judge also denied MLP's Motion for Reconsideration. Dkt. No. 21.

## STANDARD OF REVIEW

A motion to remand is a case-dispositive motion, requiring the issuance of a findings and recommendation if initially reviewed by a magistrate judge. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015); *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008). When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). Although the district court need not hold a de novo hearing, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## DISCUSSION

At issue is whether the Court should decline to exercise its discretion to retain jurisdiction over this matter. The parties agree that jurisdiction is not mandatory, and that courts in the Ninth Circuit apply the discretionary standards articulated by the United States Supreme Court in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and by the Ninth Circuit in *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (en banc). The *Brillhart* factors to be considered are: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. In addition, the Court may consider additional factors enumerated in *Government Employees Insurance Co*. Because MLP limits its objections to the Magistrate Judge's analysis of the first and third *Brillhart* factors, the Court does likewise.[3] Upon de novo review, the Court agrees with the F&R's recommendation to exercise the Court's discretion in favor of retaining jurisdiction over this action.

---

[3] The Magistrate Judge found the second *Brillhart* factor to be neutral. Neither party objected to that finding, and this Court finds no reason to disturb it either.

I.  **Avoiding Needless Determination of State Law Issues**

The first *Brillhart* factor focuses on whether the retention of jurisdiction is likely to result in this Court needlessly determining state law issues. "A needless determination of state law may involve an ongoing parallel state proceeding regarding the precise state law issue, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1031-32 (D. Haw. 2008) (citing *Continental Case. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-72 (9th Cir. 1991), *overruled in part on other grounds by Dizol*, 133 F.3d at 1225). The Court acknowledges that in this diversity action, there are no compelling federal interests, and that insurance is an area of law that Congress has expressly reserved to the states. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Simpson Mfg. Co.*, 829 F. Supp. 2d 914, 922 (D. Haw. 2011) (citing 15 U.S.C. §§ 1011–12). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

As to whether there is an ongoing parallel state proceeding:

> "The concern in this factor is with unsettled issues of state law, not fact-finding in the specific case." [*Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998) (citing *Robsac Indus.*, 947 F.2d at 1371)]. When state law is unclear, "[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an 'uncertain' and 'ephemeral' interpretation of state law." *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992).

6

*Allstate Ins. Co. v. Davis,* 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006).

In the instant action, MLP brings a claim for Declaratory Judgment against Liberty, arguing that:

> MLP is entitled to a declaration as to Liberty's obligations to MLP and/or Ryan Churchill under the Liberty Policy, including a declaration that Liberty is obligated to pay benefits, including, but not limited to, defense fees and costs, owed under the Liberty Policy, that Liberty is under a duty to advance MLP and/or Ryan Churchill defense costs incurred in the Underlying Lawsuit, and an order, pursuant to HRS § 431:10-242, that Liberty pay MLP's attorneys' fees and costs incurred in pursuing this suit.

Complaint ¶ 14.

It is quite clear, and the parties do not dispute, that the legal issues in this declaratory action involve the interpretation of the policy issued by Liberty. It is well-established that courts in this district have, on numerous occasions, interpreted insurance policies pursuant to state law to determine the scope of an insurer's duties to an insured. *See, e.g.*, *Allstate*, 430 F. Supp. 2d at 1120 ("The issues before the Court in this action do not implicate novel or unsettled matters of state law. On numerous occasions, the United States District Court in the District of Hawaii has interpreted insurance policies pursuant to Hawaii state law to determine the scope of an insurer's duties to an insured.").

Moreover, after carefully reviewing the exhibits that the parties attached from the Underlying Lawsuit, including the underlying complaint,[4] and the arguments presented, the Court is unpersuaded that the Underlying Lawsuit constitutes a parallel proceeding. The present case does not involve the precise state law issues at stake in the Underlying Lawsuit, nor does it involve the same parties. More specifically, the Underlying Lawsuit does not involve Liberty as a party or the issue of Liberty's obligations under the policy. That is, the state court is not being asked to determine whether Liberty has a duty to advance defense costs or indemnify either MLP or Mr. Churchill. Nor does this action appear to require this Court to address unsettled issues of state contract interpretation or coverage law. As such, the record does not establish that the factual circumstances of the Underlying Lawsuit constitute a parallel state court action, or would require this Court to needlessly determine state law issues.

On balance, the first *Brillhart* factor counsels in favor of retaining jurisdiction.

## II. **Duplicative Litigation**

The third *Brillhart* factor, avoiding duplicative litigation, also favors retaining jurisdiction. "[D]uplicative litigation may be a concern if this Court's

---

[4] The Second Amended Complaint (Dkt. No. 10-2) is the operative complaint for determining coverage in this action.

determination regarding [an insurer's] duties hinges on a finding that will also be addressed in the state court." *Allstate*, 430 F. Supp. 2d at 1121.

First, as to Liberty's duty to advance defense costs, the Court agrees with the Magistrate Judge's conclusion that the Court can generally ascertain whether this duty exists by examining the Second Amended Complaint in the Underlying Lawsuit and the relevant policy language. *See Dairy Road Partners v. Island Ins. Co., Ltd.*, 992 P.2d 93, 108 (Haw. 2000) (holding that the duty to defend "is purely contractual and depends, in the first instance, on the language of the particular policy involved"); *AIG Hawaii Ins. Co. v. Smith*, 891 P.2d 261, 265 (Haw. 1995) ("The well established general rule is that the allegations in the complaint in the underlying action determine an insurer's duty to defend its insured.") (citation omitted). In other words, determining Liberty's duty to advance defense costs does not hinge on a factual determination to be made by the state court. *See Allstate*, 430 F. Supp. 2d at 1121.

Second, as to Liberty's duty to indemnify, the Court acknowledges that this requires a fact-specific analysis. *See id.* at 1122. As the Magistrate Judge pointed out, "Liberty's duty to indemnify Mr. Churchill turns on whether Mr. Churchill's alleged liability is based on his conduct as a board member or his conduct as the president of MLP, or both." Dkt. No. 19 at 11 (citing Dkt. No. 10-3, *Narayan v. Marriott International, Inc., et. al*, SAC ¶ 26(d)). The Court agrees, however, that

9

if there is an actual concern regarding the capacity in which Mr. Churchill is being sued, the Court can defer decision on the indemnity issue until the capacity issue is resolved in the Underlying Lawsuit.

In sum, the Court finds that this factor also weighs in favor of retaining jurisdiction. After balancing the relevant factors,[5] the Court reaches the same conclusion as the Magistrate Judge: the Court should retain jurisdiction over this case.

## CONCLUSION

The Court hereby ADOPTS the August 17, 2016 F&R (Dkt. No. 18) and DENIES MLP's Motion to Remand (Dkt. No. 10).

IT IS SO ORDERED.

DATED: November 10, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

Maui Land & Pineapple Co., Inc. v. Liberty Insurance Underwriters Inc., et al.; CV 16-00271 DKW-RLP; ORDER ADOPTING AUGUST 17, 2016 FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND

---

[5] Although MLP did not object to the Magistrate Judge's balancing of the *Dizol* factors, the Court has independently reviewed those factors, and reaches the same conclusion as the Magistrate Judge. In addition, the Court recognizes that MLP focused exclusively on applying the *Brillhart* factors to Mr. Churchill, without addressing at all how they applied to MLP. The Court agrees with Liberty that, as to MLP's claim for coverage in its own right, the *Brillhart/Dizol* factors weigh in favor of retaining jurisdiction.